09-2258-cr
United States v. Elia

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand and ten.

PRESENT:

    ROGER J. MINER,
    JOSÉ A. CABRANES,
    CHESTER J. STRAUB,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    *Appellee,*

  v.                                                                No. 09-2258

YEHEZKEL ELIA,

    *Defendant-Appellant.*[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**      BEVERLY VAN NESS, New York, NY.

**FOR APPELLEE:**      SEETHA RAMACHANDRAN, Assistant United States Attorney (Preet Bharara, United States

---

[1] The Clerk of Court is directed to amend the official caption as set forth above.

1

Attorney, Michael A. Levy, Assistant United States Attorney, *of counsel)*, Office of the United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Yehezkel Elia was convicted following a jury trial of twelve counts of tax evasion in violation of 26 U.S.C. § 7201, one count of conspiracy to commit tax evasion in violation of 18 U.S.C. § 371, and eleven counts of subscribing to false individual and corporate tax returns in violation of 18 U.S.C. § 7206(1).[2]  Prior to sentencing Elia objected to various aspects of the Presentence Investigation Report of the United States Probation Office ("USPO") arguing, *inter alia*, that the total tax loss was "negligible" because the government had purportedly neglected to deduct various costs borne by Elia's businesses; the government's use of a cash accounting method to determine undeclared income was incorrect because Elia's businesses purportedly used the accrual method; and the government's calculation was improperly based on the use of different taxes such as federal corporate income tax, federal personal income tax, state personal income tax, state sales tax, and federal payroll taxes.  Defendant also challenged the USPO's recommended two-level enhancement for use of sophisticated means pursuant to U.S.S.G. § 2T1.1(b)(2).

Following a *Fatico* hearing, *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979), the District Court found that the tax loss was between $400,000 and $1,000,000, and that a sophisticated means enhancement applied.  The District Court concluded that the total offense level was 22 and that the applicable Guidelines range was 41-51 months and imposed a sentence principally of 41 months' imprisonment, to be followed by two years' supervised release.

Defendant appeals only his sentence.  He argues that the District Court committed reversible error by (1) double counting  unpaid sales taxes because of a misapprehension of the facts, (2)

---

[2]  The judgment of conviction incorrectly states that counts 18-28 are convictions for tax evasion under 26 U.S.C. § 7201, when it should provide that those eleven counts are convictions for filing false tax returns under 26 U.S.C. § 7206(1).  Accordingly, as the government concedes the technical error, we order an appropriate correction to the judgment of conviction because it will not change the aggregate sentence already imposed.  *United States v. McLeod*, 251 F.3d 78, 83-84 (2d Cir. 2001).

wrongly enhancing defendant's base offense by two levels for his use of "sophisticated means," and (3) imposing a 41-month sentence which was substantively unreasonable.

## I.

We review all sentences using a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks omitted). Our review has "two components: procedural review and substantive review." *Id.* We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We then engage in review of the substantive reasonableness of the sentence and reverse only when the Court's sentence "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

## II.

Defendant argues that the District Court mistakenly dismissed his claim that unremitted sales taxes had been over-counted in the government's tax loss computations. Specifically, he claims that sales tax which was included in the tax loss amount was also included in the government's corporate income figures. Defendant argues that this improper inclusion led to income tax and sales tax on the same dollar. He claims that he objected to these assessments but that the District Court did not address the matter "due to a misapprehension" that the government had already reduced its proposed tax figure. In defendant's view, the District Court set the tax loss at less than $1,000,000, but "believed the loss may well have exceeded" that amount. Defendant believes that, because the District Court gave him a two-level reduction for tax loss, it thus declined to make further downward departures based on other factors—that is, if the Court had addressed the issue at an earlier time, it would have begun its calculations with a lower tax loss amount and may have offered further downward departures based on other factors.

We find this argument unpersuasive. As the government notes, defendant did not object to the inclusion of multiple assessments when the District Court was determining tax loss. Instead, he chose to move for a downward departure. It is thus inaccurate to say that the Court failed to rule on the issue. In addition, although the government concedes that it did "appear to have misinterpreted Elia's argument and, as a result, incorrectly informed the Court that the issue had already been resolved in Elia's favor," the District Court stated that it did not rely on the government's proffer. Gov't Brief at 29. Indeed, the District Court noted that any error in its tax loss calculation "err[ed]" to defendant's benefit and thus "subsume[d] any doubl[e] counting there might be on any sales tax."

3

Accordingly, we reject defendant's arguments regarding the tax loss calculation.

## III.

With regard to the application of the "sophisticated means" enhancement, "[w]hen a defendant challenges the district court's *interpretation* of a Guidelines provision, we review this interpretation of the Guidelines—just as we would review the interpretation of any law—*de novo.*" *United States v. Hasan*, 586 F.3d 161, 168 (2d Cir. 2009) (citing *United States v. Hertular*, 562 F.3d 433, 449 (2d Cir. 2009)(emphasis in original)).[3]

Defendant argues that the means used to commit his crime were not sophisticated because they "were not complicated or esoteric in any way. They were, instead, garden variety tactics." The commentary to the Guidelines defines "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2T1.1(b)(2), n.4. In this case the record shows that defendant used an elaborate combination of means to evade taxes, including, *inter alia*, the purchase of money orders at multiple locations; the structuring of investments in multiple deposits to avoid reporting requirements; the creation of phony loan documents; and numerous cash real estate investments. Even if we assume for the argument that these individual actions were not themselves "sophisticated," the coordination of these actions clearly involves sophistication. *See United States v. Jackson*, 346 F.3d 22, 25 (2d Cir. 2003) ("[E]ven if each step in the scheme was not elaborate, the total scheme was sophisticated in the way all the steps were linked together"); *United States v. Lewis*, 93 F.3d 1075, 1083 (2d Cir. 1996) (holding, in a tax case, that the sophisticated means enhancement applied even when "each step in the planned tax evasion was simple, [because] when viewed together, the steps comprised a plan more complex than merely filling out a false tax return"). In light of the complex coordination involved in this case, we agree with the District Court that a two-level enhancement for sophisticated means was appropriate.

## IV.

We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009) (internal quotation marks omitted). In examining the substantive reasonableness of a sentence, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion." *United States v. Cavera*, 550 F.3d

---

[3]Although the government urges us to apply clear error review of the District Court's determination that the sophisticated means enhancement applies, *see United States v. Gotti*, 459 F.3d 296, 349-50 (2d Cir. 2006), we need not reach this issue because we decide that even under *de novo* review the District Court did not err in applying the enhancement in Elia's case.

at 190.

The District Court examined the tax accounting in this case with great care and correctly applied the sophisticated means enhancement as explained above.  We find no basis for concluding that the sentence in this case was unreasonable.

## **CONCLUSION**

The judgment of the District Court is **AFFIRMED**, subject to the technical correction to the judgment of conviction discussed *supra* at note 2.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court